[Civ. No. 17304.   Second Dist., Div. One.   June 30, 1950.]

RALPH B. SEELEY, Respondent, v. LOU S. COOK, Appellant.

Manuel Ruiz, Jr., for Appellant.

Oliver O. Clark and Jack R. Mills for Respondent.

DORAN, J.—The respondent herein and plaintiff below, as the purchaser of an airplane which was destroyed in an accident, instituted the present action to secure the return of money paid the appellant on account of the purchase price. The record discloses the execution of a written memorandum in the following language:

"Los Angeles, California
2/28/47

"I hereby purchase Howard NC-67495 aircraft from Lu Cook.

```
Purchase price ........................$5647.50
Deposit, 2/8/1947 .......................  650.00
                                          _____
                                         $4997.50
Add. 2/28/1947 .......................   1500.00
                                          _____
Balance to be paid 2/15/47..............$3497.50
```

Ralph B. Seeley."

According to the appellant's brief, "After the plane was inspected by respondent Seeley, there were eight things only to be done on the seller's part, i.e., furnish new tires, have it painted, put a new propeller on it, a cover for the motor, a clock, provide for an additional passenger, put on a good radio." Respondent testified that "he (Cook) said he could have the plane completed by April 8th . . . so I gave him a check (post-dated) dated April 8, 1947 for $2,498.00," which was the balance then due on the purchase price. After the giving of such check and about March 30, 1947 "he (Cook) crashed the plane out near Saugus and wrecked it." Seeley thereafter stopped payment on the check, and instituted the present action. The trial court gave judgment for the plaintiff, respondent herein.

The appellant's contention is that title to the airplane had passed to the buyer although formal delivery had not taken place; that therefore, the risk of accident was in the buyer rather than in the seller. It is also argued that appellant was "an intermediate party, not a principal," a Mr. Jorgensen being the actual owner, and that "respondent sued the wrong party." In reference to the title, it may be noted that during the negotiations appellant secured a bill of sale from Jorgensen, in order, according to appellant's explanation, "that appellant could borrow on said ostensible title the balance . . . owed to Mr. Jorgensen by the respondent . . . who was in the hospital and could not manage his own affairs."

Appellant also complains that the trial court found that "each of the allegations contained in the answer of Ralph B. Seeley, the crossdefendant herein, . . . is true," although no such answer had been filed. To this contention respondent replies that "This case was tried without objection upon the theory that the allegations of Cook's crosscomplaint had been denied by Seeley's answer," and that "In these circumstances appellant cannot now complain." Respondent also notes that appellant failed to raise this objection to the proposed findings, or by way of motion for a new trial.

■ A survey of the record herein fails to show any merit in the appellant's contentions. In regard to the transactions between buyer and seller and the passing of title to the airplane, respondent's brief correctly sums up the matter as follows: "The contract of sale as shown by the pleadings and the evidences was conditioned upon the doing of certain things by the seller. These things were not done prior to the destruc-

tion of the plane. Consequently, the title never passed to the buyer and he is entitled to recover the portion of the purchase price paid by him.'' Had the seller reconditioned the plane in accordance with the agreement, a different situation might have been presented, but such is not the case. The contention that Jorgensen rather than Cook, was the seller, is untenable;— the contract of sale was between Seeley and Cook.

The findings are supported by the evidence and no reversible error appears in the record.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.